IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREEPORT GAS COAL TRUST,**

    **Plaintiff,**

  **v.**                                           **CIVIL ACTION NO. 1:21CV123**
                                                                   **(KLEEH)**

**HARRISON COUNTY COAL RESOURCES, INC.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

On April 14, 2021, the plaintiff, Freeport Gas Coal Trust ("Freeport"), filed a declaratory action against the defendant, Harrison County Coal Resources, Inc. ("Harrison"), in the Circuit Court of Doddridge County, West Virginia seeking to compel its compliance with a 1965 coal mining lease [see ECF Nos. 1-1, 1-3]. Freeport served Harrison with process on August 3, 2021 [ECF No. 1-3 at 3]. Harrison timely removed the case to this Court based on diversity of citizenship [ECF No. 1]. And it moved to dismiss Freeport's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 2]. On September 29, 2021, Freeport moved to remand the case to state court [ECF No. 9].

The issues in dispute have been fully briefed and are ripe for review. For the reasons that follow, the Court **DENIES** Freeport's motion to remand [ECF No. 9] and **DENIES** Harrison's

FREEPORT GAS COAL TRUST V.                                  1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

motion to dismiss [ECF No. 2].

### I.  Factual Allegations

As it must, the Court construes the following facts in the light most favorable to Freeport. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).  This case relates to a lease entered on August 1, 1965 ("the Lease"), under which Sewell River Coal & Land Corporation leased a tract of land to Consolidation Coal Company for the operation of a coal mine [ECF No. 1-1 at ¶ 5; p. 12-31].  The leased premises consist of approximately 3,000 acres located in Doddridge and Harrison Counties. Id. at ¶¶ 5, 9.

On August 10, 1983, Sewell River Coal & Land Corporation merged with Freeport Gas Coal Company, with Freeport Gas Coal Company as the surviving entity. Id. at ¶ 6.  In late 1986, Freeport Gas Coal Company dissolved after creating the Freeport Gas Coal Trust ("Freeport") and assigning all assets to it. Id. at ¶¶ 7-8.  Freeport is the current lessor of the Lease at issue in this case. Id. at ¶ 9.

Meanwhile, Consolidation Coal Company assigned its interests in the Lease to Murray Energy Corporation, which in turn assigned it to Harrison County Coal Company, one of its subsidiaries. Id. at ¶ 10.  In October 2019, Murray Energy Holdings, including Harrison County Coal Company filed Chapter 11 bankruptcy. Id. at

Case 1:21-cv-00123-TSK   Document 55   Filed 03/20/23   Page 3 of 20 PageID #: 796

FREEPORT GAS COAL TRUST V.                                          1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]

¶ 11. Harrison County Coal Company emerged as Harrison County Coal Resources, Inc. ("Harrison"). Id. at ¶ 12. Harrison is the current lessee of the Lease at issue in this case. Id. at ¶ 13.

Pursuant to the Lease, the lessee would mine coal "according to suitable methods of modern mining;" provide monthly reports to the lessor regarding the number of net tons of 2,000 pounds of coal mined, shipped, and sold from the leased premises; and pay the lessor a royalty of eleven cents ($0.11) per net ton of 2,000 pounds of coal produced. Id. at ¶ 14. The Lease would renew automatically for twenty-year periods until "all merchantable or practicably and economically mineable coal" had been removed, so long as the lessee complied with its terms. Id. at p. 13. According to Freeport, neither Harrison nor any of its predecessors in interest has mined the leased premises, has paid royalties, or has produced a mining plan. Id. at ¶¶ 15-16.

Based on these facts, Freeport filed a declaratory action against Harrison in the Circuit Court of Doddridge County asserting three causes of action. In Count I, it alleged that through its inaction, Harrison had breached its implied duty to diligently mine the leased premises. Id. at ¶¶ 20-30. In Count II, Freeport contended that the Lease's royalty rate was unconscionably low. Id. at ¶¶ 32-39. Finally, in Count III, Freeport asserted that

Case 1:21-cv-00123-TSK   Document 55   Filed 03/20/23   Page 4 of 20 PageID #: 797

FREEPORT GAS COAL TRUST V.                                    1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

Harrison had abandoned the Lease and the leased premises. Id. at ¶¶ 40-43.

As relief, Freeport requested a judgment compelling Harrison to commence mining operations on the leased premises within six (6) months and reforming the Lease to increase the royalty rate from eleven cents ($0.11) to "a reasonable royalty rate, together with an appropriate escalation factor."[1] Id. at ¶¶ 31, 34, p. 11. It also sought "an award of damages in an amount to be proved at trial as set forth above, including pre- and post- judgement [sic] interest and taxable court costs." Id. at p. 11. Alternatively, Freeport requested that the Court find Harrison to have "abandoned the property and as such, award damages to the Plaintiff as this court deems reasonable." Id.

## II. Freeport's Motion to Remand

A party may remove to federal court any state "civil action where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. §§ 1332(a), 1441(a). When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian

---

[1] Freeport suggested that, to account for inflation, the royalty rate should be adjusted to three dollars ($3.00) per ton. Id. at ¶ 34.

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND**
**DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

Life Ins. Co. of Am., 511 U.S. 375, 377 (4th Cir. 1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." Id.

Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving diversity of citizenship under 28 U.S.C. § 1332. When a party seeks removal based upon diversity of citizenship, that party bears the burden of establishing "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332.

The parties do not dispute that Harrison timely removed this case from state court or that the parties are diverse. Thus, the only question for the Court is whether the amount in controversy is met. Freeport argues that Harrison cannot meet its burden because it has not produced "actual evidence" related to the amount in controversy [ECF No. 10]. Harrison responds that the amount in controversy significantly exceeds the $75,000 threshold as evidenced by the declaration of its mining supervisor and the relief sought in this case [ECF No. 11].

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND**
**DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

**A.   Applicable Law**

An action must be fit for federal adjudication at the time the removal petition is filed. See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010). If the complaint does not contain a specific amount of damages or amount in controversy, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (quotation omitted); see also Zink v. Doe, 2014 WL 1725812, at *2 (N.D.W. Va. May 1, 2014) ("In order to meet the preponderance of the evidence standard and establish that removal is proper, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.").

"A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance

Case 1:21-cv-00123-TSK   Document 55   Filed 03/20/23   Page 7 of 20   PageID #: 800

FREEPORT GAS COAL TRUST V.                                      1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]

of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (quoting Dart, 574 U.S. at 88). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

"The question is not what damages the plaintiff will recover, but what amount is in controversy between the parties." Lanier v. Norfolk S. Corp., 256 F. App'x 629, 631-32 (4th Cir. 2007). "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." Scott, 865 F.3d at 194. If the action seeks declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). This is measured by "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).

B.  **Amount in Controversy**

Because Freeport seeks declaratory and equitable relief, the amount in controversy in this action is measured by the value of

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 8 of 20 PageID #: 801

FREEPORT GAS COAL TRUST V.                                    1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

the object of the litigation. Hunt, 432 U.S. at 347. The parties agree that the objection of this litigation is "the equitable relief of commencing mining and recasting the royalty rate" [ECF Nos. 10 at 8; 11 at 5-6]. Freeport's complaint did not contain a specific amount of damages or amount in controversy, thus, Harrison must prove that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. See Francis, 709 F.3d at 367.

In its notice of removal, Harrison alleged that the amount in controversy requirement is satisfied because it would be required to spend in excess of $75,000 to commence mining on the leased premises [ECF No. 1 at ¶¶ 21-25]. Specifically, Harrison represented that it would spend more than $75,000 to obtain the necessary permits alone and that the additional capital expenditures required to begin production would increase this cost. Id. at ¶ 25-26. Harrison also alleged that, if the royalty rate was increased from eleven cents ($0.11) per ton to three dollars ($3.00) per ton it would pay more than $75,000 in royalties by mining 25,000 tons of coal. Id. at ¶¶ 27-30. Finally, Harrison pointed out that the amount in controversy was further increased by Freeport's request for unspecified damages over and above the equitable relief. Id. at ¶ 31.

Case 1:21-cv-00123-TSK   Document 55   Filed 03/20/23   Page 9 of 20   PageID #: 802

FREEPORT GAS COAL TRUST V.                                      1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

To support its position, Harrison submitted the declaration of its manager of engineering, Kevin Rakes [ECF No. 1-4]. Mr. Rakes is responsible for overseeing, managing, and planning its mining operation and, as relevant to the amount in controversy, he testified that:

> 7. It would cost well over $75,000 to begin mining on the 1965 Coal Lease.
>
> 8. In fact, Harrison would need to obtain permits from various governmental authorities before it could legally begin mining on the 1965 Coal Lease. In my experience, to obtain them alone for a mine on this property would cost more than $75,000 and could take years to obtain.
>
> 9. In addition to the permitting costs, development expenses and capital expenditures necessary to commence mining on this property would also exceed $75,000 as the property governed by the Coal Lease is several miles away from Harrison's existing operation.
>
> . . .
>
> 11. Raising the royalty rate in the 1965 Coal Lease by $3,00 per ton as requested by Freeport results in more than $75,000 at stake for Harrison.

Id. at ¶¶ 4-5, 7-9, 11. He premised his testimony on his personal knowledge and review of documents kept in the normal course of Harrison's business. Id. at ¶ 3.

Freeport opposes remand, contending that Harrison has offered no actual proof or concrete evidence regarding the amount in controversy [ECF No. 13 at 2]. It challenges Mr. Rakes's

Case 1:21-cv-00123-TSK   Document 55   Filed 03/20/23   Page 10 of 20   PageID #: 803

FREEPORT GAS COAL TRUST V.                                        1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

declaration as a self-serving subjective assessment and as unsupported by actual figures associated with permitting costs, development expenses, and capital expenditures. Id. at 3. Freeport also asserts that in determining the amount in controversy the Court should offset any costs required to bring the mine into production with the revenue Harrison stands to gain. Id. at 3. Moreover, Freeport contends that because Harrison has not studied the amount of merchantable coal on the leased premises, it cannot demonstrate that it would mine more than 2,500 tons of coal and therefore pay more than $75,000 in royalties. Id. at 3-4.

After careful consideration, the Court finds that the amount in controversy between Freeport and Harrison easily exceeds the jurisdictional threshold based on Mr. Rakes's declaration. Although Mr. Rakes does not specify the exact prices associated with bringing a coal mine into production, his statements related to the amount in controversy are not speculative. By virtue of his position at Harrison, Mr. Rakes is familiar with not only the permitting process but also with the preparation and equipment required to establish a mine on the leased premises. He likewise is aware of the current costs associated with these necessary tasks. Mr. Rakes also has specific knowledge of the lease at issue as well as Harrison's mining operations near the leased premises.

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 11 of 20 PageID #: 804

FREEPORT GAS COAL TRUST V.                                      1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

His experience and expertise in the area makes his testimony, especially when not factually contested by Freeport with any contradicting evidence,[2] sufficient to support a conclusion that the cost of commencing mining operations on the leased premises would exceed $75,000. The amount in controversy is also increased by the various other relief and damages sought by Freeport in its complaint.

The Court also disagrees with Freeport's contention that Harrison's potential revenue from mining the leased premises reduces the amount in controversy. Freeport has provided no legal support for its position and "[i]n this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" Dixon, 290 F.3d at 710 (quoting Lally, 327 F.2d at 569). Other district courts applying this standard have found that "the amount in controversy can be satisfied by demonstrating that the injunctive relief would

---

[2] Freeport contends that it has no duty to submit proof in support of its position that the amount in controversy is not satisfied [ECF No. 13 at 4]. Under the framework described in Dart, however, that is not necessarily the case. Where the plaintiff contests the defendant's allegations related to the amount in controversy "both sides submit proof" to aid in the Court's decision regarding the jurisdictional threshold although the burden of proof remains with the defendant. See Dart, 574 U.S. at 88; Scott, 865 F.3d at 194.

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 12 of 20 PageID #: 805

FREEPORT GAS COAL TRUST V.                                          1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

require the defendant to alter his method of doing business in such a manner that would cost at least the statutory minimum." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 492 (S.D.W. Va. 2001). Because commencing mining operations on the leased premises would require Harrison to expend more than $75,000 in permitting costs, development expenses, and capital expenditures, the amount in controversy between the parties exceeds the jurisdictional threshold, regardless of whether Harrison might ultimately turn a profit.

Based on the relief sought in Freeport's complaint and the information contained in Mr. Rakes's declaration, Harrison has demonstrated by a preponderance of the evidence that the equitable relief of commencing mining and recasting the royalty rate exceeds $75,000. Thus, the Court **FINDS** that exercise of removal jurisdiction to be appropriate and **DENIES** Freeport's motion to remand [ECF No. 9].

### III. Motion to Dismiss

The Court turns next to consider Harrison's motion to dismiss Freeport's complaint in its entirety.

**A. Standard of Review**

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it does not

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 13 of 20 PageID #: 806

FREEPORT GAS COAL TRUST V.                                        1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

"state a claim upon which relief may be granted." When reviewing the sufficiency of a complaint, the district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

To be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In resolving a motion to dismiss for failure to state a claim, the court may consider documents that are "explicitly incorporated into the complaint by reference and

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 14 of 20 PageID #: 807

FREEPORT GAS COAL TRUST V.                                      1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

those attached to the complaint as exhibits" without converting it to a motion for summary judgment. Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

B.  **Count I – Breach of Duty to Diligently Mine**

In Count I of its complaint, Freeport requests that the Court issue a judgment finding Harrison to have breached its duty to diligently mine the leased premises and order it to commence mining operations within six (6) months [ECF No. 1-1 at ¶¶ 20-31]. Under West Virginia law, "[t]here is an implied covenant by the lessee to begin mining within a reasonable time." Horse Creek Coal Land Co. v. Trees, 84 S.E. 376, 378 (W. Va. 1915). The presence of an inconsistent express term or provision on the same subject matter in a contract, however, "excludes the possibility of an implied covenant of a different or contradictory nature." Frederick Bus. Props. Co. v. Peoples Drug Stores, Inc., 445 S.E.2d 176, 182 (W. Va. 1994). Accordingly, "courts have generally imposed an implied duty to [mine] with reasonable diligence only when there is no provision requiring payment of minimum royalties or rentals." Mike Ross, Inc. v. Dante Coal Co., 230 F. Supp. 2d 716, 721 (N.D.W. Va.

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 15 of 20 PageID #: 808

**FREEPORT GAS COAL TRUST V.**                                                       **1:21CV123**
**HARRISON COUNTY COAL RESOURCES, INC**

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

2002).

Harrison contends that Count I should be dismissed because the implied covenant to begin mining within a reasonable amount of time does not apply in this case where the Lease contains an express and contradictory provision [ECF No. 2-1 at 3-6]. Section 6 of the Lease provides: "[t]he commencement of mining operations hereunder and the dispatch, diligence and expediency in which such mining operations may thereafter be carried out, shall be at the pleasure of the Lessee" [ECF No. 1-1 at 15]. Harrison contends that this delegation of authority to determine when mining on the leased premises shall begin precludes the applicability of the implied covenant to mine [ECF No. 2-1 at 3-6]. It also asserts that the implied covenant does not apply in light of Section 13 of the Lease, which requires Harrison to pay a minimum annual royalty.[3] Id.

Freeport, on the other hand, asserts that Section 6 is ambiguous and contradicts several other terms of the Lease and so the implied covenant to diligently mine applies in this case [ECF No. 7 at 4-8]. Even if the Lease is not ambiguous, Freeport

---

[3] Section 13 provides that "Lessee shall pay Lessor, as a minimum annual rental on account of coal mined or to be mined hereunder the sum of Four Thousand Dollars ($4,000) for each calendar year during the continuance of this Lease, whether or not Lessee mines any coal during that year, except as hereinafter provided" [ECF No. 1-1 at 17-18].

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 16 of 20 PageID #: 809

FREEPORT GAS COAL TRUST V.                                          1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

asserts that the implied covenant applies because Section 6 is a discretionary provision which effects the rights of the other contractual party. Id. (citing Wickland v. Am. Mountaineer Energy, Inc., (Although the implied covenant of good faith and fair dealing "cannot give contracting parties rights which are inconsistent with those set out in the contract," it nevertheless applies "[w]hen a contract confers discretion on one of the parties that affects the rights of the other." 2018 WL 3029273, at *6 (N.D.W. Va. June 18, 2018) (citations omitted). Finally, Freeport contends that Section 13 of the Lease does not override the implied covenant because the Lease's annual minimum royalty is illusory [ECF No. 7 at 4-8].

Harrison's arguments in support of its motion to dismiss Count I are premature as they do not challenge the sufficiency of Freeport's pleading, but rather, the merits of its claim.[4] See Republican Party of N.C., 980 F.2d at 952. Because factual development is necessary before the Court can adequately address Freeport's claim, Freeport's motion to dismiss Count I is denied.

C.  **Count II – Reformation of Royalty Rate**

In Count II of its complaint, Freeport requests that the Court

---

[4] Notably, each of the cases upon which Harrison draws support were decided at the summary judgment stage.

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 17 of 20 PageID #: 810

FREEPORT GAS COAL TRUST V.                                        1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]

reform the Lease "to provide a reasonable royalty rate, together with an appropriate escalation factor," because current eleven cent ($0.11) royalty rate is unconscionably low [ECF No. 1-1 at ¶ 38]. An unambiguous written contract is not subject to judicial interpretation and will be enforced according to the parties' expressed intent. Syl. Pt. 1, Cotiga Dev. Co. v. United Fuel Gas Co., 128 S.E.2d 626, 628 (W. Va. 1962). "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. Pt. 3, Id.

Even so, courts can "reform written instruments, where there is a mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, if the evidence be sufficiently cogent to thoroughly satisfy the mind of the court, is fully established and undoubted." First Am. Title Ins. Co. v. Firriolo, 695 S.E.2d 918, 926 (W. Va. 2010) (quoting Syl. Pt. 2, Nutter v. Brown, 42 S.E. 661, 661 (W. Va. 1902). Such reformation may become appropriate where a contract, "by virtue of changed circumstances unforeseen by either of the contracting parties become so 'unfair and uneven as to render its enforcement equivalent to the perpetration of fraud upon the lessors.'" Iafolla v. Douglas

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 18 of 20 PageID #: 811

FREEPORT GAS COAL TRUST V.                                       1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

Pocahontas Coal Corp., 250 S.E.2d 128, 133 (W. Va. 1978). However, "[s]uch equitable remedy [to reform a written instrument] is not absolute, but depends upon whether the reformation sought is essential to the ends of justice." Id. (quoting Syl. Pt 2, Buford v. Chichester, 69 213, 71 S.E. 120 (W. Va. 1911) (alterations in original).

Harrison contends that Count II should be dismissed because the royalty rate in the Lease was not premised on a mutual mistake [ECF No. 2 at 6-8]. Freeport conversely asserts that its claim for reformation is premised on the unconscionability of the royalty rate due to changed circumstances, not upon any mutual mistake of the contracting parties [ECF No. 7 at 8-9].

Pursuant to the Lease, Harrison must pay Freeport an eleven cent ($0.11) royalty on every 2,000 tons of coal mined from the leased premises [ECF No. 1 at ¶ 14.]. In its complaint, Freeport alleges that this royalty rate has become unconscionably low compared on the current market price of the coal on the leased premises. According to it, the parties did not anticipate that mining would be delayed by fifty-six (56) years as evidence by the fact that the Lease does not contain an inflation or escalation provision. This unforeseen delay has caused the eleven cents ($0.11) royalty to become so unfair as to render its enforcement

Case 1:21-cv-00123-TSK Document 55 Filed 03/20/23 Page 19 of 20 PageID #: 812

FREEPORT GAS COAL TRUST V.                                         1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND
DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]

equivalent to the perpetration of fraud. At this stage, the Court cannot find that Freeport has failed to state a claim upon which relief can be granted and Harrison's motion to dismiss Count II is denied.

D.  **Count III – Abandonment**

Finally, Count III of the complaint alleges that Harrison has abandoned the Lease by failing to mine or make use of the leased premises [ECF No. 1-1 at ¶¶ 40-43]. A lessee's action or inaction may trigger termination of a coal lease for failure to diligently pursue operations. Christian Land Corp. v. C. & C. Co., 422 S.E.2d 503, 507 (W. Va. 1992) (per curiam). "Abandonment requires both physical abandonment and an intent to abandon, . . . and depends on the particular circumstances of each case." Mike Ross, Inc. v. Dante Coal Co., 230 F. Supp. 2d 716, 722 (N.D.W. Va. 2002) (citing Christian, 422 S.E.2d at 503)).

Harrison argues that the Court should dismiss Count III because Freeport's complaint includes no facts which demonstrate that it intended to abandon the Lease [ECF No. 2 at 8-9]. The Court disagrees. As to abandonment, Freeport contends that neither Harrison nor any of its predecessors have occupied or attempted to make use of the leased premises in the fifty-six (56) years since the Lease was entered [ECF No. 1-1 at ¶¶ 16-17, 29, 41-43]. It

**FREEPORT GAS COAL TRUST V.**                                    **1:21CV123**
**HARRISON COUNTY COAL RESOURCES, INC**

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 9] AND**
**DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

also alleges that Harrison has not paid royalties and has refused to produce a plan for mining the leased premises despite Freeport's requests. Id. at ¶ 17, 41.

Accordingly, Freeport's complaint alleges that Harrison has never physically occupied the leased premises, has failed to put the leased premises to use, and has refused requests for information about mining on the property. With these allegations, Freeport has plausibly pleaded that Harrison intentionally abandoned the Lease and the leased premises. At this early stage, these allegations are sufficient to state cause of action for Harrison's abandonment of the leased premises and Harrison's motion to dismiss Count III is denied.

## IV.  Conclusion

For the reasons discussed, the Court **DENIES** Freeport's motion to remand [ECF No. 9] and **DENIES** Harrison's motion to dismiss [ECF No. 2].

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record by electronic means.


Dated: March 20, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA