```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FREEPORT GAS COAL TRUST,**

      **Plaintiff,**

   **v.**                                  **CIVIL ACTION NO. 1:21CV123**
                                                      **(KLEEH)**

**HARRISON COUNTY COAL RESOURCES, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

Pending before the Court is the plaintiff's motion to amend its complaint and modify the Court's Scheduling Order [ECF No. 32]. For the reasons that follow, the Court **DENIES** its motion.

## I. Background

**A. Factual History**

This case relates to a lease entered on August 1, 1965 ("the Lease"), under which Sewell River Coal & Land Corporation leased a tract of land to Consolidation Coal Company for the operation of a coal mine [See ECF No. 39-1]. The plaintiff, Freeport Gas Coal Trust ("Freeport"), is the current lessor and the defendant, Harrison County Coal Resources, Inc. ("Harrison"), is the current lessee of this Lease [ECF Nos. 39 at 6, n.1; 52 at 2, n.1, n.2]. The leased premises consist of more than 3,000 acres in Doddridge and Harrison Counties [ECF No. 39 at 6].

The Lease grants the lessee the right to mine and sell "all

**FREEPORT GAS COAL TRUST V.**                                                            1:21CV123
**HARRISON COUNTY COAL RESOURCES, INC**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

of the Pittsburgh or nine foot vein or seam of coal" on the leased premises [ECF No. 39-1 at 1-2]. It renews automatically for twenty-year periods until "all merchantable or practicably and economically mineable coal" was removed, so long as the lessee complied with its terms. Id. at 2.

Pursuant to the Lease, the lessee must provide the lessor a "general plan for mining and removing the leased coal" before mining and must notify the lessor of any revisions to this plan. Id. at 3. The "dispatch, diligence and expediency in which such mining operations may thereafter be carried out shall be at the pleasure of the Lessee." Id. at 4. The Lease requires the lessee to mine coal "according to suitable methods of modern mining;" to provide monthly reports to the lessor regarding the number of tons of coal mined, shipped, and sold from the leased premises; to pay the lessor a royalty of eleven cents ($0.11) per net ton of coal produced; and to pay all taxes and assessments. Id. at 4, 6, 11. The lessee must also pay $4,000 yearly "as a minimum annual rental . . . whether or not Lessee mines any coal during that year. . . ." Id. at 6-7. The lessee is not required to mine any coal "that in its opinion is not merchantable or practicably and economically mineable" and its judgment as to whether coal is merchantable or economically mineable "exercised in good faith, [is] binding and conclusive upon the parties. . . ." Id. at 4.

FREEPORT GAS COAL TRUST V.                                          1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

Harrison and its predecessors have operated the Harrison County Coal Mine near the leased premises for approximately sixty (60) years [ECF Nos. 39-2 at 1; 52 at 4-5]. But none of Harrison or its predecessors have mined coal from the leased premises [ECF Nos. 39-2 at 1; 39-10 at 14; 39 at 7; 52 at 5-7]. Harrison predicts that it will mine the leased premises within the next twenty (20) to thirty (30) years [ECF Nos. 39-2 at 1; 42-1 at 7-8; 52 at 7]. It has, however, paid the property taxes as well as the $4,000 minimum annual royalty [ECF Nos. 39-5 at 1; 39-7 at 1; 39-10 at 9-10, 33-34; 39-12].

**B.   Procedural History**

Due to the lack of mining on the leased premises, on April 14, 2021, Freeport filed a declaratory action against Harrison in the Circuit Court of Doddridge County, West Virginia, asserting three causes of action [see ECF No. 1-1]. First, Freeport alleged that Harrison had breached its duty to diligently mine the leased premises and sought a judgment compelling Harrison to commence mining operations within six (6) months. Id. at ¶¶ 20-31. Second, it contended that the Lease's royalty rate was unconscionably low and requested reformation. Id. at ¶¶ 32-39. Finally, Freeport asserted that Harrison had abandoned the Lease. Id. at ¶¶ 40-43. Harrison timely removed the case to this Court [ECF No. 1].

Following the conclusion of discovery, and three days prior

to the dispositive motion deadline, Freeport requested leave to amend its complaint to add American Consolidated Natural Resources ("ACNR"), Harrison's parent company, as a defendant to this action "because it recently came to light in discovery that ACNR is the real decision maker" [ECF No. 32 at 1]. It also requested that the Court modify its Scheduling Order so that it could conduct additional discovery related to ACNR. Id.

Harrison argued that no good cause existed for such amendment because it had notified Freeport of its relationship with ACNR in its initial disclosures yet Freeport did not diligently pursue information that would have allowed it to determine if amendment was necessary [ECF No. 40 at 6-10]. It also contended that Freeport's amendment was sought in bad faith and would be prejudicial and futile. Id. at 10-13.

While Freeport's motion to amend has been pending, the parties timely filed cross motions for summary judgment [ECF Nos. 37; 38]. Thereafter, on March 20, 2023, the Court **GRANTED** summary judgment to Harrison and dismissed Freeport's claims [see ECF No. 55].

## II.   Standard of Review and Applicable Law

**A.   Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or 21 days after service of a

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend is within the discretion of the Court. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013). Nonetheless, the Supreme Court of the United States has set forth factors that courts should weigh when applying Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182).

The first factor, whether there is prejudice to the opposing party, can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party. Johnson, 785 F.2d at 510. Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. at 510 (citing

5

**FREEPORT GAS COAL TRUST V.                                    1:21CV123
HARRISON COUNTY COAL RESOURCES, INC**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

Roberts v. Arizona Board of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))). In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cty Sch. Bd., 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted).

The third factor weighs against granting leave to amend when that amendment would be futile. Johnson, 785 F.2d at 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend on the basis of futility when the amended complaint would not survive a motion to dismiss, Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." See Burns v. AAF-McQuay, Inc., 980 F. Supp. 175, 179 (W.D. Va. Sept. 24, 1997) (noting that proper

6

standard of review when amendment is challenged on grounds of futility is whether the proposed amendment states a claim upon which relief can be granted).  If relief cannot be granted, the amendment is futile.  See Hutsell v. Sayre, 5 F.3d 996, 1006 (6th Cir. 1993).

**B.   Federal Rule of Civil Procedure 16**

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Although leave to amend a complaint should be freely given when as required by justice pursuant to Rule 15(a), after the deadlines provided by a scheduling order have passed, the good cause standard also must be satisfied to justify leave to amend the pleadings.  Nourison Rug Co. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

> "Good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (quotation and alterations omitted).

### III. Analysis

The Court's Scheduling Order required the parties to amend their pleadings and to join additional parties no later than

FREEPORT GAS COAL TRUST V.                                      1:21CV123
HARRISON COUNTY COAL RESOURCES, INC

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

November 29, 2021. Because Freeport moved to amend its complaint almost one year after this deadline, it must satisfy the standards set forth in both Rule 15(a) and Rule 16(b). Nourison, 535 F.3d at 298. It seeks to add ACNR as a defendant in this action, asserting that it is "the real corporate decision-maker" because it has final budgetary approval over Harrison's mining plan [ECF No. 34 at 6]. But, because Freeport's amendment would be futile, the Court denies its motion.

Freeport's proposed amended complaint adds one paragraph related to citizenship of ACNR [See ECF No. 32-1]. It does not contain any additional factual allegations or assert any additional causes of action. In its reply in support of its motion to amend, Freeport asserts that ACNR would be liable to it under Counts I and III by sanctioning Harrison's failure to mine and abandonment of the Lease. See ECF No. 41 at 10 ("ACNR controls the decision of whether to mine and thus, complicit with Harrison, both failed to mine and abandoned the lease.").

But as the Court explained in its Memorandum Opinion and Order granting Harrison's motion for summary judgment [ECF No. 55], Freeport's claims in Counts I and III fail as a matter of law. Harrison has no implied duty to mine the leased premises nor has it abandoned the Lease. Considering this ruling, there is no basis for Freeport's proposed claims against ACNR. Thus, even assuming

**FREEPORT GAS COAL TRUST V.**  1:21CV123
**HARRISON COUNTY COAL RESOURCES, INC**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER [ECF NO. 32]**

that there is good cause for amendment of the complaint and modification of the Scheduling Order, Freeport's proposed amendment would be futile.

### IV.  Conclusion

The Court therefore **DENIES** Freeport's motion to amend its complaint and modify the Scheduling Order [ECF No. 32].

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

Dated: March 20, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA